# Exhibit "A"

Filed In Office Mar-06-2012 10:22:30
ID# 2012-0038614-CV
Page 1

Court Rule: www.cobbsuperiorcourtclerk.com
Jay C. Stephenson
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY

**STATE OF GEORGIA**

JAMES MASON
PLAINTIFF
Vs.

AMERICAN HOME MORTGAGE SERVICING INC.

CIVIL ACTION
FILE NO: 12-1-2048-40

______________________________/

**Verified**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**
**INTRODUCTION**

COMES NOW the Plaintiff JAMES MASON (hereinafter referred to as "Plaintiff" or "Borrower"), and alleges the following:

**PARTIES**

1.) At all times relevant herein, Plaintiff was over the age of eighteen (18) and was a resident of the County of COBB, State of Georgia.
2.) Defendants, AMERICAN HOME MORTGAGE SERVICING INC., 15 PIEDMONT CENTER N.E. SUITE500 ATLANTA 30305.
3.)

**THE SUBJECT PROPERTY**

4.) The real estate that is the subject of this litigation is: 5106 CRESCENT COVE LANE MABLETON GA 30126 (Hereinafter referred to as "Subject Property")

**THE LOAN TRANSACTION**

5.) Plaintiff entered into a loan transaction which was reduced in form to a SECURITY DEED, PROMISSORY NOTE, and a MORTGAGE Agreement on or about, JULY 26,2007, with OPTION ONE MORTGAGE CORPORATION , which required Plaintiff to repay $611,900.00 with a purported Deed to Secure Debt executed to MERS and a Promissory Note and later sold to WELLS FARGO BANK N.A. who in turn sold it to AHMSI as TRUSTEE for SOUNDVIEW HOME LOAN TRUST 2007-OPT5,ASSET BACK CERTIFICATES,SERIES 2007-0PTS, this series of sales of the Promissory Note created a bifurcation of the security interest. The loan was a 30 year fixed for 360 months, of 5.50% as a qualifying rate. This loan was not approved in the Plaintiff's best interest. The loan was purportedly secured by the Subject Property. This loan was a stated income loan and original payment was $ 1,373.12 per month. Plaintiff originally purchased this property as his primary residence. Now property is worth $$350,000 and Plaintiff owes $611,900.00.
6.) The initial payments were based on a stated income which has proven to be high risk. Plaintiff *should not have been approved on this type of loan product at 100%* in order to confirm the Plaintiff's ability to make the monthly payments over the lifetime of the loan.

*Plaintiff should have been so notified about this HIGHER RATE to qualify.* The *loan was approved based on the pre-sale of the loan, and the appraised value of the collateral, rather than the Plaintiff's ability to repay the loan.*

*7.)* Plaintiff was qualified for this loan based on a "30 year amortization" which was subject to little or no equity build up. The payment based on the rate of 5.50% insures very little principal in the monthly payment on the first through the 120th monthly payment.

*8.)* Plaintiff entered into a loan transaction which was a loan sold to him by a company known as OPTION ONE MORTGAGE CORPORATION who later transferred security deed to . Later the servicing rights supposedly went to WELLLSFARGO N.A. and now AHMSI claims to be the TRUSTEE, and yet no assignments to this TRUSTEE exist in the public record, Defendant's lack standing to foreclose on the subject property due to a fraudulent assignment.

*9.)* As a result of the mortgage underwriting activities, Defendants and each of them are and were subject to and must comply with State Statutes regarding Net Tangible Benefit to a Borrower OCGA - 7-6A-4; Unfair and Deceptive Business Practices and Acts [UDAP Statutes]; the Georgia Fair Lending Statute, among others. December, 2010 communication was made informing Plaintiff that file had been turned over for foreclosure on February 1, 2011.

## JURISDICTION

*10.)* The transactions and events which are the subject matter of this Complaint all occurred within the County of Cobb, State of Georgia.

11.)The Subject Property is located within the County of Cobb, THE DEFENDANT REGISTRAR AGENT IS ALDRIDGE/CONNORS LLP 15 PIEDMONT CENTER 3575

3575 PIEDMONT ROAD ,NE SUITE 500 ATLANTA GA 30305 .

## FACTUAL ALLEGATIONS

12.) Plaintiff re-allege and incorporate by reference all preceding paragraphs 1-12 as though fully set forth herein.

13.) The loan product in this case which was sold to Plaintiff is an 'equity stripping' loan scheme, the Defendants were aware of this abusive tactic and chose to use it on Borrowers.

14.) An 'equity stripping loan provides little or no equity build up, is particularly subject to strain the Borrower, and cause likely financially ruin if the economy, or the job market were to fail. The Defendants possessed the foresight to adequately advise Plaintiff of this risk. *They intentionally concealed the negative implications of the loan they were offering,* and as a result, Plaintiff now faces losing his home to the very entity, and entities that placed him in this position.

## THE CLOSING

15.) On or about JULY 26,2007, (hereinafter referred to as "Closing Date") Plaintiff allegedly entered into a consumer credit transaction with Defendant by obtaining a $661,900.00 mortgage loan, purportedly secured by Plaintiff's principal residence,(Subject Property). The Promissory Note was allegedly secured by a SECURITY DEED on the Property in favor of OPTION ONE MORTGAGE CORPORATION , Lender , thus creating a bifurcation of the security interest.

16.) Each Defendant who has been assigned or been transferred rights, or holds a position or interest under this loan transaction, including, BAC and each UNKNOWN DEFENDANT (hereinafter referred to collectively as "Defendants") failed to perform his due diligence in

investigating the legal requirements that this loan should have complied with, and as such the loan transaction is faulty and has been handled improperly from its inception. It was '*VOID ABINITIO*'

17.) The terms of the finance transaction with Defendants are not clear or conspicuous, nor consistent, and are illegal, and include:

- High ratios with respect to Plaintiff's Income and Liabilities;
- Plaintiff would not be able to refinance out of the high rate, or consolidate the loans into one loan, due to lack of equity caused by the lender's loan terms;
- Plaintiff was given a loan that was more expensive in terms of fees, charges and, or interest rates, than alternative financing for which Plaintiff could have qualified;
- Terms of the loan given to Plaintiff are such that he can never realistically repay the loan.

18.) These acts of deception violate several statutes and is in essence creates an illegal loan. In particular a fraudulent assignment signed by a Vice-President.

19.) Plaintiff maintains Defendant's breached his obligation to treat the Plaintiff fairly by ***not disclosing the true risks*** he faced with this loan, with particularity the interest rate that would adjust dramatically, no equity build up, and consequently they breached his duty to Plaintiff because Defendants knew, or should have known, that the Plaintiff would, or had a strong likelihood of defaulting on this loan. Defendants have a specific duty to the Plaintiff to exercise fairly the 'power of sale' in his SECURITY DEED, which was the legal instrument Defendant was offering to the Plaintiff to finance his home in this transaction; ***after acquiring his SECURITY DEED under the deceptive conditions, the Plaintiff is now facing a financial nightmare and wrongful foreclosure.*** Plaintiff believes ***there is a direct casual connection between the improper actions of the Defendants and the Plaintiff's default on the home mortgage.***

20.) This loan program led to a maximization of profits for the Defendants, there was no concern for the Plaintiff's financial position, or likelihood of re-payment of the mortgage.

21.) Plaintiff maintains that as result of the business practices of Defendants, and each of them throughout the handling of this loan, that such practices are consistent with the definition of predatory lending, and encompass telltale characteristics of a predatory lending scheme.

22.) Plaintiff maintain Defendants provided inadequate disclosure of the true costs, risks and, where necessary, appropriateness to the Borrower of a loan transaction in violation of the Federal Trade Commission Act.

23.) Plaintiff maintains that Defendants engaged in unlawful, unfair or fraudulent business acts or practices, and unfair, deceptive, untrue or misleading advertising, rising to the level of unfair and deceptive business practices, in violation of the Georgia Unfair and Deceptive Acts and Practices statute.

## COUNT I

### Declaratory Relief

### (Against All Defendants)

24.)Plaintiff re-alleges and incorporates by reference paragraphs 1-24 as though fully set forth herein.

25.) An actual controversy has arisen and now exists between Plaintiff and Defendants regarding his receptive rights and duties, in that Plaintiff contends that Defendants did not have the right to initiate foreclosure proceedings on the Subject Property because Defendants' security

interest in the Subject Property has been rendered void by operation of law, pursuant to this loan being a 'flip' and prohibited under OCGA 7-6A-4, and un unnecessary refinance.

26.) Plaintiff further contends that Defendants did not have the right to initiate foreclosure proceedings on the Subject Property because Defendants did not properly comply with state statutes regarding filing of all transfer documents prior to foreclosure. Plaintiff further contends that the Defendants perpetrated a fraudulent loan transaction.

27.) Plaintiff request that this Court make a finding that the purported Power of Sale contained in the Loan of 'no force and effect' at this time, because Defendants actions in the processing, handling and attempted foreclosure of this loan has contained numerous violations of State and Federal laws designed to protect Borrowers, which has directly caused Plaintiff to be at an equitable disadvantage to Defendants.

28.) As a result of the Defendants' actions, Plaintiff has suffered damages according to his proofs, and seek declaratory relief that Defendants' purported Power of Sale is void and has no force or effect against the Subject Property. Further, Defendants' actions have been willful, knowing and malicious. WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT II

## Injunctive Relief

## (Against All Defendants)

29.) Plaintiff re-alleges and incorporates by reference paragraphs 1-29 as though fully set forth herein.

30.) Defendants has proceeded with a non-judicial foreclosure without obtaining the original Promissory Note, without verifying the existence of the original Promissory Note, and without verifying the Lender has as right to foreclose, thus the Lender has no reasonable claim to proper standing to pursue foreclosure and their claims.

31.) Defendants conduct is an attempt to illegally convert the subject property to their own property, if they are permitted to pursue claims that they have failed to verify as based upon the original Promissory Note; thus Defendant is attempting defraud the Plaintiff with their non-judicial foreclosure without proof of the true Promissory Notes existence and who retains its ownership at this time. Defendants have specifically failed to prove the following 'status' as it relates to the owner of the Promissory Note and, or the 'Holder' of the Note:

a) To prove status of **holder** of the instrument. (UCC -3-301(i)); or

b) To prove status of **non-holder in possession of the instrument** who has the **rights of a holder.** (UCC -3-301(ii)); or

c) To prove status of being **entitled to enforce the instrument as a person not in possession of the instrument pursuant to (UCC - 3-309)** or (UCC - 3-418(d).)

32.) Defendants have commenced a foreclosure action under the Promissory Note and are likely to schedule a non-judicial foreclosure sale. This sale will cause Plaintiff great and irreparable injury in that real property is unique, and Defendants have acquired his Security Deed under questionable lending procedures and predatory lending practices.

33.) The wrongful conduct of Defendants, unless restrained and enjoined by an order of the Court, will cause great and irreparable harm to Plaintiff. Plaintiff will not have the beneficial use and enjoyment of the property and will lose his home.

34.) Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is restrained and enjoyed because real property is inherently unique and it is and will be impossible for Plaintiff to determine the precise amount of damage Plaintiff will suffer. WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT III

**Contractual Breach of Good Faith and Fair Dealing**

**(Against all Defendants)**

35.) Plaintiff re-alleges and incorporates by reference paragraphs 2-36 as though fully set forth herein,

36.) Every contract imposes upon each party a duty of 'good faith'.

37.) In Georgia '*fair dealing*' is also required of a Lender where a Lender acquires a Security Deed. A Lender in it's desire to acquire the Security Deed, and it's enforcement of the Power of Sale have a duty of 'fair dealing' which applies to their conduct. This duty of fair dealing requires the Lender to adhere strictly to the statutory language of the Foreclosure statute. In a broader sense there is an implied covenant that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

38.) The covenant of good faith implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

39.) The terms of the Loan imposed upon Defendants a duty of good faith and fair dealing in this matter.

40.) Defendants *enjoyed substantial discretionary power affecting the legal rights of Plaintiff's during the events alleged in this Complaint.* Defendants were required to exercise such power in good faith, and be fair in his dealings with Plaintiffs.

41.) Defendants have willfully breached this general covenant of good faith and this required duty of 'fair dealing' with Plaintiff when Defendants:

- Willfully withheld numerous disclosures;
- Willfully withheld notices in regard to excessive fees and closing costs; used below standard and non-diligent underwriting standards, did not provide understandable explanations of additional interest rate increases from time of application to closing (bait & switch), failed to disclose when negative credit scores were disseminated; and failed to provide loan documents.
- Willfully placed Plaintiff in a loan that he did not qualify for, could not afford, and subjected him to further financial detriment, while providing Defendants with financial benefits they would of have otherwise enjoyed.

42.) As a result of Defendants' breach of this covenant, Plaintiff has suffers injury and has caused Plaintiff the threat of loss of his home. Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right this wrong.

43.) Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and deter others from engaging in the same behavior. WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT IV

**Rescission Under "Illusory Promise" and OCGA 7-6A-4**

**(all Defendants)**

44.) Plaintiff re-alleges and incorporates by reference paragraphs 1-45 as though fully set forth herein.

45.) Plaintiff is entitled to rescind the loan for all of the foregoing reasons: Fraudulent Concealment; Deceptive Acts and Practices (UDAP) and violating the Net Tangible Benefit statute in Georgia OCGA 7-6A-4, and each of which provides independent grounds for relief. Also, in contract law, an "illusory promise" occurred when Plaintiff was given a subprime loan and now is being forced into foreclosure. Parties entering into a contract presumably had the intention of forming an enforceable contract, and so court generally attempts to follow this intention. Illusory promises are so named because they merely hold the illusion of a contract. This loan need to be rescinded because it is an :illusory promise" which is one the courts will not enforce.

46.) The public interest would be prejudiced by permitting the alleged contract to stand; such action would embolden an unscrupulous lender.

47.) As a proximate result of Defendants; actions, Plaintiff has been damaged in an amount not yet ascertained, and remains to be proven at trial. WHEREFORE, Plaintiff prays for rescission of the stated loan in its entirety.

## COUNT V

## Unfair And Deceptive Business Act Practices (UDAP)

## (Against All Defendants)

48.) Plaintiff re-alleges and incorporates by reference paragraphs 1-49 as though fully set forth herein.

49.) Defendants failed to undergo a diligent underwriting process for this loan as alleged in this complaint. They also failed to properly adjust and disclose facts and circumstances relating to Plaintiff's mortgage loan and placed Plaintiff in a loan, by way of 'stated' income and misleading facts, which they should never have been approved for because he could not afford it. Defendants did have knowledge of these facts, circumstances and risks but failed to disclose them. Defendants also used various rates and charges to disguise the actual payment schedule and loaned amount. The Defendants enjoyed unjust enrichment and have profited and deceptively preyed upon Plaintiff and his naïve nature in the industry. Plaintiff was not benefited in a net tangible way by virtue of this transaction.

50.) By reason of Defendants fraudulent, deceptive, unfair, and other wrongful conduct as herein alleged, said Defendant has violated the Unfair and Deceptive Acts and Practices by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of his home, equity , as well as his past and future investment. Plaintiff also applied for a loan modification on numerous times, which has never been approved.

51.) By reason of the foregoing, Plaintiff has suffered and continues to suffer damages in a sum which is, as yet unascertained. WHEREFORE, Plaintiff pray for relief as set forth below.

## COUNT VI

## UNCONSCIONABLITY –UCC-2-3202

## (Against all Defendants)

52.) Plaintiff re-alleges and incorporate by reference paragraphs 1-53 as though fully set forth herein.

53.) If the court as a matter of law finds the contract, or any clause of the contract, to have been unconscionable at a time it was made, the court may refuse to enforce the contract, or it may

enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result

55.a0 When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to prevent evidence as to its commercial setting, purpose and effect to aid the court in making the determination.

56.a0 Here, based on the deception, lack of any net tangible benefit to the Borrower, unfair bargaining position, lack of adherence to follow; coupled with the windfall that the Defendants reaped financially from his predatory practices upon Plaintiffs, the court may find that the loan agreement and SECURITY DEED are unconscionable and of no force or effect. WHEREFORE, Plaintiff prays for restitution and relief as set forth below.

## COUNT VII

## Predatory Lending

## (Against AHMSI.)

57.) Plaintiff re-alleges and incorporates by reference paragraphs 1-57 as though fully set forth herein.

58.) The Office of Comptroller of the Currency defines Predatory Lending as any lien secured by real estate which shares well known common characteristics that result in Unfair and Deceptive Business Practices.

59.) Acts undertaken by the Defendants here that are consistent with the Office of the Comptroller's definition include the fact that this loan was marketed in a way which fails to fully disclose all materials terms and provisions which are unfair, fraudulent or unconscionable, and which delivers little, or no actual net tangible benefit to the Borrower.

60.) this loan is marketed in whole, or in part, on the basis of fraud, exaggeration, misrepresentation, or the concealment of material facts, and was underwritten without due diligence by the party originating the loan.

61.) The Lender has used a loan product and loans terms whereby the Borrower can never realistically repay the loan, representative of "Bait and Switch" tactics.

62.) This loan was designed to create a transaction whereby equity is removed from the home through an expensive refinance, it delivers no net tangible benefit to the Borrower, it consolidated short term debt into long term debt, created a 30 year amortization whereby payments are not reducing principal significantly, and was utilizing interest rates. This loan would logically lead a Borrower into a position where they cannot refinance due to lack of equity. This results in 'equity stripping'.

63.) This loan is based on a loan application that is inappropriate for the Borrower. The use of 'stated' income on the loan application from a self-employed individual who has, or cannot obtain or produce actual Tax returns is clearly improper.

64.) This loan is underwritten without due diligence by the party originating the loan. There has been no realistic means test for determining the ability of the Borrowers to repay the loan. Further, there is a lack of documentation of income, or assets and/or job verification. WHEREFORE, Plaintiff prays for relief as set forth below.

**COUNT VIII**

**Quiet Title**

**(All Defendants Claiming Any Interest In the Subject Property)**

65.) Plaintiff re-alleges and incorporates by reference paragraphs 1-24 as though fully set forth herein.

66.) Plaintiff is at all times herein mentioned the owner and/or entitled to possession of the property.

67.) Upon sale security deed was illegally assigned to AHMSI, but through the course of the transaction involved herein, Defendant have transferred physical possession of the Security Deed and Promissory Note to multiple subsequent purchasers. Plaintiff contends AHMSI is merely a "custodian" of the note and not the real party in interest and therefore has no standing. Each time Plaintiff's loan was transferred Two trustees have to sign the transfer. Plaintiff contends these documents have not been executed properly and there has been a break in the chain of title.

68.) Plaintiff is informed and therefore believes and there upon allege that Defendants, and each subsequent purchaser, claim an interest in the Subject Property adverse to Plaintiffs. However, as a result of the conduct more fully described in the preceding allegations, the claim of Defendants are without any right whatsoever, and said Defendants have no legal or equitable right, claim, or interest in the Property.

69.) Plaintiff therefore seeks a declaration that the title to the Subject Property is vested in Plaintiff alone and that the Defendants herein, and each of them, be forever enjoyed from asserting any estate, right, title or interest in the Subject Property adverse to Plaintiff's. WHEREFORE, Plaintiff prays for relief as set forth below.

**COUNT IX**

**FAILURE TO COMPLY WITH STATE STATUTES**

**(Against ALL DEFENDANTS)**

70.) Plaintiff re-alleges and incorporates by reference paragraphs 1-70 as though fully set forth herein.

71.) Plaintiff maintains that the loan he signed was placed into a sophisticated loan financing vehicle called a 'derivative', and or a 'hedge fund', which action by the Lender resulted in the actual Promissory Note being destroyed by Defendant AHMSI or another named 'lender' or 'purchaser', or is no longer available to the Lender to support it's claim for the debt.

72.) Defendants are attempting to enforce a debt as a 'Holder' in due course of the Promissory Note, Plaintiff maintains that Defendants are not the 'Holder' of the original 'Promissory Note', and as such the true 'Holder' is unknown. In addition, there could be thousands of investors claiming to 'Hold the Note' given the investment vehicle into which the Promissory Note was placed into by the Lender. Thus the question arises which investor is the Plaintiff obligated y law to pay.

73.) Plaintiff maintains that Defendants failed to comply with Foreclosure laws, because Defendant is attempting to enforce a claim based on a Security Deed, or an Assignment that was not properly or timely filed correctly, and a Promissory Note which may not even exist.

74.) Defendants have failed to comply with O.C.G.A. 44-14-162 (b) which specifically states: **The security instrument or assignment thereof vesting the secured creditor with title to the security instrument *shall be filed prior to the time of sale in the office of the clerk of the superior court* of the county in which the real property is located. *(emphasis added)***

75.) Defendants on a rudimentary level have failed to properly file the Security Instrument *and all Assignments, and specifically the Trustee Assignments* on the subject property with the Clerk of the court for the County of Cobb, and thus have brought it's foreclosure action without proper statutory compliance. Without proper compliance with the state statute underlying the foreclosure, the Defendants are outside of their authority to act, and such conduct constitutes a material breach of the Defendant's duty to 'fairly exercise' the power of sale created by the State of Georgia's Foreclosure Statute and the Security Deed under O.C.G.A -23-2-114.

76.) Defendant's are claiming the right to foreclose on Plaintiff property based on the representation they are a 'Holder' in due course of the original Promissory Note executed by the Plaintiff in his closing, Defendants do not have the original promissory note.

77.) Statutory requirements for establishing the right to enforce an instrument are as follows, Defendant's have failed to adhere to these requirements, and have not been required to prove their legal status:

- Prove status of **holder** of the instrument. (UCC - 3-301(i)); or
- Prove status of **non-holder in possession of the instrument** who has the **rights of a holder.** (UCC - 3-301(ii)); or
- Prove status of being **entitled to enforce the instrument as a person not in possession of the instrument pursuant to UCC -3-309** or UCC -3-418(d).

78.) Thus Defendant is attempting to enforce a claim without compliance with the Uniform Commercial Code, and based on a Security Deed or Assignments that were not filed correctly, and a Promissory Note which may not exist. WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT X

## CONVERSION or ILLEGAL ATTEMPT TO CONVERT

## And FRADULENT MISREPRESNTATION,

## PROMISSORY ESTOPPEL

79.) Plaintiff re-alleges and incorporates by reference paragraphs 1-79 as though fully set forth herein.

80.) Defendant's knowingly and intentionally concealed material information from Plaintiff which required by state and federal laws to be disclosed.

81.) At all times material hetero, Defendants also misrepresented material information to the Plaintiff with full knowledge by the Defendants that their affirmative representations were false, fraudulent, and misrepresented the truth at the time said representations were made.

82.) Under the circumstances, the material omissions and material misrepresentations of the Defendants were malicious.

83.) Plaintiff not being a Mortgage Broker, or Mortgage Banker or otherwise knowledgeable in the Mortgage Banking industry, Plaintiff reasonably relied upon the representations of the Defendants in agreeing to enter into the Promissory Note and Mortgage in this matter thereby placing an alleged lien on the subject property.

84.) Had Plaintiff known of the falsity of Defendant's representations, Plaintiff would not have entered into the transactions that are the subject of this Complaint.

85.) As a direct and proximate result of Defendant's material omissions and material misrepresentations, Plaintiff has suffered and will suffer damages.

86.) Statutory requirements for establishing the right to enforce an instrument are as follows, Defendant's have failed to adhere to these requirements, and have not been required to prove their legal status:

- Prove status of **holder** of the instrument. (UCC § 3-301(i)); or
- Prove status **of non-holder in possession of the instrument who has the rights of a holder.** (UCC § 3-301(ii)); or
- Prove status of being **entitled to enforce the instrument as a person not in possession of the instrument pursuant to UCC § 3-309** or UCC § 3-418(d).

Thus Defendant is attempting to enforce a claim without compliance with the Uniform Commercial Code, and based on a Security Deed or Assignments that were not filed correctly, and a Promissory Note which may not exist

87.) At all times material hetero, Defendants are in the business of selling, buying, and handling the transfer Mortgage, Promissory Notes for profit within the State of Georgia, would be required to be completely familiar with the state statutes regarding the filing of documents prior to foreclosure, obtaining proof of the legal owner of a Promissory Note or Mortgage.

88.) At all times material hetero, Defendants were employed by one or more of the Defendants to foreclose upon the Subject Property.

89.) At all times material hetero, Defendants, while in the course and scope of business for Defendants, failed to properly investigate the title, the existence of the original Promissory Note, failed to properly file all documents relating to the Assignment of the ownership interest in the Subject property pursuant to O.C.G.A.

44-14-162 (b) which specifically states:

**The security instrument or assignment thereof vesting the secured creditor with title to the security instrument *<u>shall be filed prior to the time of sale in the office of the clerk of the superior court</u>* of the county in which the real property is located. *<u>(emphasis added)</u>***

90.) At all times material hetero, Defendants have or will benefit by Defendant's misrepresentations, attempts to convert property or title, and their intentional acts of misrepresentation committed by other Defendants.

91.) The law imposes strict liability for the damage or loss caused by the acts of Defendants in attempting to defraud, or convert property or legal title, to their use without legal right, or legal title to do so, no finding of intent is required where strict liability applies.

92.) As a direct and proximate cause of all Defendants fraudulent misrepresentations and attempts to convert Plaintiff's property inconsistent with state statute 16-8-4 (a) and more specifically

OCGA 16-8-2, which states in part:

**"A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated"...**

And as a result of Defendant's actions to induce Plaintiff into executing the alleged Promissory Note Mortgage in this matter without properly producing these documents to substantiate their claims to foreclose the Subject Property, Plaintiff has been seriously damaged. WHEREFORE, Plaintiff prays for relief as set forth below.

**COUNT XFAILURE TO FOLLOW O.C.G.A . 11-9-312(b), 11-9-313; POSSESSION BY DELIVERY 11-9-314; PERFECTION BY CONTROL 11-9-104, 11-9-205 OR11-9-107.**

93.) Plaintiff incorporates paragraphs 1-93 above as if fully set forth herein.
94.) Defendant lacks authority to foreclose as they are not a 'secured creditor'
95.) Defendant nor its agents are a 'secured creditor' in that they failed to obtain the 'Promissory Note' by utilizing a defective and improper Assignment from Defendant AHMSI.
96.) Defendant LENDER did not have possession, delivery or control of any collateral, proceeds, original loan documents or accounts under O.C.G.A. 11-9-312(b), 11-9-313 possession by delivery, 11-9-314 perfection by control under 11-9-104,11-9-105 or 11-9-107. All the above collateral and proceeds were sold by the Lender into a Mortgage Backed Securities under a Pooling and Servicing Agreement, in which the Lender relinquished all rights, titles, interest as well as payments to the subject real estate, which was sold under O.C.G.A. 11-9-318(a) which states: O.C.G.A. 11-9-318. (a) Seller retains no interest. A debtor that has sold an account, chattel paper, payment intangible, or Promissory note does not retain a legal or equitable interest in the collateral sold.
97.) Defendants are not the 'holders in due course' of any instrument which would give them the entitlement of enforcement as required by O.C.G.A. 11-3-309. Defendants breached their duties under O.C.G.A. 11-3-309. Enforcement of lost, destroyed, or stolen instrument.

(a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of an instrument and entitled to enforce it when loss of possession occurred; (ii) the loss of possession was not the result of a transfer by the person or in a lawful seizure; and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
98.) The instrument which purports to give Defendant a legal claim is considered a security under O.C.G.A 10-5-2(31) . Defendants breached their duties under O.C.G.A. 10-5-2(31) by failing to register their security which ids defined as: " Security" means a note; stock; treasury stock; security future; bond; debenture; evidence of indebtedness; certificate of interest or participation in a profit-sharing agreement; collateral trust certificate; pre-organization certificate or subscription; transferable share; investment contract; voting trust certificate; certificate of deposit for a security; fractional undivided interest in oil, gas, or other mineral rights; put, call, straddle, option, or privileged on a security, certificate of deposit, or group or index of securities, including an interest therein or based on the value thereof; put, call, straddle, option, or privilege entered into on a national securities exchange relating to foreign currency; or, in general, an interest or instrument commonly known as a "security"; or a certificate of interest or participation in,

temporary or interim certificate for, receipt for, guarantee of, or warrant or right to subscribe to or purchase any of the foregoing.

(A) Includes both a certified and an uncertificated security;

(B) Does not an insurance or endowment policy or annuity contract under which an insurance company promises to pay a fixed or variable sum of money either in a lump sum or periodically for life or other specified period;

( C ) Does not include an interest in a contributory or noncontributory pension or welfare plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1001, et seq.;

(D) Includes as an investment contract an investment in a common enterprise with the expectation of profits to be derived primarily from the efforts of a person other than the investor where common enterprise means an enterprise in which the fortunes of the investor are interwoven with those of either the person offering the investment, a third party, or other investors;

( E) Includes as an investment contract, among other contracts, an interest in a limited partnership or a limited liability company and an investment in a viatical settlement or similar agreement.

99.) Defendants agents originated and offered the Loan Documents to Plaintiff, representing the documents to be 'Loan Documents' when in fact and truth they were investment contracts created for the

99.) Defendants agents originated and offered the Loan Documents to Plaintiff, representing the documents to be 'Loan Documents' when in fact and truth they were investment contracts created for the sole purpose of pooling, depositing and servicing between the Defendants and other third parties. Neither the true purpose, or the nature of these transactions was disclosed to the Plaintiff.

100.) Specifically the instrument a 'Promissory Note' is 'characterized' a security by the Defendant so as to side step local conveyancing laws, and intangible taxation at the state level, then the Defendant's agents, or third parties such as (MERS) Mortgage Electronic Registrations Systems conducts the transfer of a 'Promissory Note' and as such they are acting as 'broker dealers' in the State of Georgia without a license. O.C.G.A. 10-5-2(3). Thus the Defendants breached the Georgia State Laws by failing to be a licensed Broker Dealer, which is defined as:

O.C.G.A. 10-5-2 (3) "Broker-dealer" means a person engaged in the business of effecting transactions in securities for the account of others or for the person's own account. The term does not include: ( A) An agent; ( B) An issue; ( C ) A bank, trust company, credit union, or savings institution if its activities as a broker-dealer are limited to those specified in subsections 3(a)(4)(B)(i) through (vi) and (viii) through (x) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78c(a) (4); if limited to unsolicited transactions; or subsections 3(a)(5)(B) and 3 (a)(5)(C) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78c(a)(5), or a bank that satisfies the conditions described in subsection 3(a0(4)(E) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78c(a)(4); (D) An international banking institution; or (E) A person excluded by rule adopted or order issued under this chapter.

101.) Plaintiff maintains that Defendant and third parties Co-Defendant (MERS) Mortgage Electronic Registration Systems are clearly operating outside of the exemption requirements set forth in O.C.G.A. 10-5-2 (3), and therefore are required to have a 'Broker- Dealer' registration in place with the Georgia Securities Division under O.C.G.A. 10-5-30 and have failed to properly register or comply with state statute.

O.C.G.A 10-5-30. Registration requirements for broker-dealers; exemptions

(a) It is unlawful for a person to transact business in this state as a broker-dealer unless the person is registered under this chapter as a broker-dealer or is exempt from registration as a broker-dealer under subsection (b) or (d) of this Code section.

(b) The following persons are exempt from the registration requirement of subsection (a) of this Code section:
(1) A broker-dealer without a place of business in this state if its only transactions effected in this state are with:
(A) The issuer of the securities involved in the transactions;
(B) A person registered as a broker-dealer under this chapter or not required to be registered as a broker-dealer under this chapter;
( C) An institutional investor;
(D) A nonaffiliated federal covered investment adviser with investments under management in excess of $100 million acting for the account of others pursuant to discretionary authority in a signed record;
(E ) A bona fide preexisting customer whose principal place of residence is not in this state and the person is registered as a broker-dealer under the Securities Exvhange Act of 1934, 15 U.S.C. Section 78a, et seq., or not required to be registered under the Securities Exchange Act of 1934, 15 U.S.C. Section 78a, et seq., and is registered under the securities act of the state in which the customer maintains a principal place of residence;
(F) A bona fide preexisting customer whose principal place of residence is in this state but was not present in this state when the customer relationship was establish, if:
(i) The broker-dealer is registered under the Securities Exchange Act of 1934, 15 U.S.C. Section 78a, et seq., or not required to be registered under the Securities Exchange Act of 1934, 15 U.S.C. Section 78a, et seq., and is registered under the securities laws of the state in which the customer relationship was established and where the customer had maintained a principal place of evidence; and
(ii) Within 45 days after the customer's first transaction in this state, the person files an application for registration as a broker-dealer in this state and a further transaction is not effected more than 75 days after the date on which the application is filed, or, if earlier, the date on which the Commissioner notifies the person that the Commissioner has denied the application for registration or has stayed the pendency of the application for good cause
(G) Not more than three customers in this state during the previous 12 months, in addition to those customers specified in subparagraphs (A) through (F) and subparagraph (H) of this paragraph, if the broker-dealer is registered under the Securities Exchange Act of 1934, 15 U.S.C. Section 78a, et seq., or not required to be registered under the Securities Exchange Act of 1934, 15 U.S.C. Section 78, et seq., and is registered under the securities act of the state in which the broker-dealer has its principal place of business; and
(H) of this paragraph, if the broker-dealer is registered under the Securities Exchange Act of 1934, 15 U.S.C. Section 78a, et seq., not required to be registered under the Securities Exchange Act of 1934, 15 U.S.C Section 78a, et seq., and is registered under the Securities act of the state in which the broker-dealer has its principal place of business; and
(H) Any other person exempted by rule adopted or oder issued under this chapter; and
(2) A person that deals solely in United States government securities and is supervised as a dealer in government securities by the Broad of Governors of the Federal Reserve System, the Comptroller of the Currency, the Federal Deposit Insurance Corporation, or the Office of Thrift Supervision.
( c) It is unlawful for a broker- dealer or for an issuer engaged in offering, offering to purchase, purchasing, or selling securities in this state, directly or indirectly, to employ or associate with an individual to engage in an activity related to securities transactions in this state if the registration of the individual is suspended or revoked or the individual is barred from employment or association with a broker-dealer, an issuer, an investment adviser, or a federal covered investment adviser by an order of the Commissioner under this chapter, the Securities and Exchange Commission, or a self- regulatory organization. A broker-dealer or issuer does not violate this subsection if the broker-dealer or issuer did not know and in the exercise of reasonable care could

not have known of the suspension, revocation, or bar. Upon request from a broker-dealer or issuer and for good cause, an order under this chapter may modify or waive, in whole or in part, the application of the prohibitions of this subsection to the broker-dealer.

( d) A rule adopted or order issued under this chapter may permit:

(1) A broker-dealer that is registered in Canada or other foreign jurisdiction and that does not have a place of business in this state to effect transactions in securities with or for or attempt to effect the purchase or sale of any securities by:

(A) An individual from Canada or other foreign jurisdiction who is temporarily present in this state and with whom the broker-dealer had a bona fide customer relationship before the individual entered the United States;

(B) An individual from Canada or other foreign jurisdiction who is present in this state and whose transactions are in a self-directed tax advantage retirement plan of which the individual is the holder or contributor in that foreign jurisdiction; or

(C) An individual who is present in this state, with whom the broker-dealer customer relationship arose while the individual was temporarily or permanently resident in Canada or the other foreign jurisdiction; and

(2) An agent who represents a broker-dealer that is exempt under this subsection to effect transactions in securities or attempt to effect the purchaser or sale of securities in this state as permitted for a broker-dealer described in paragraph (1) of this subsection.

102.) Plaintiff maintains that the Defendants their agents and Co-Defendant (MERS) Mortgage Electronic Registration Systems failed to have the subject security registered before the sale as required by O.C.G.A. 10-5-20. Registrations on sales of securities It is unlawful for a person to offer or sell a security in this state unless: (1) The security is a federal covered security; (2) The security, transaction, or offer is exempted from registration under Code Sections 10-5-10 through 10-5-12; or (3) The security is registered under this chapter.

103.) Plaintiff maintains the 'Promissory Note' as an instrument has been sold several times prior to the Defendant's purported receipt, as such the last holder of the instrument could not acquire the rights of the holder in due course because the transferee's engaged in illegal and fraudulent acts that directly affect the integrity instrument O.C.G.A. 11-3-203(b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire the rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course of the transferee engaged in fraud or illegality affecting the instrument.

104.) Defendant came into possession of the subject 'Promissory Note' through an illegal and invalid assignment and Defendant's claims are a covert attempt to subvert the non-judicial foreclosure process, and steal from Defendant her equitable interest in the property. WHEREFOR, Plaintiff seeks a judgment as outlined below.

## COUNT XII.

## JURY TRIAL DEMAND

105.) Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

## COUNT XIII

## PRAYER FOR RELIEF

WHEREFORE, as a result of the actions of Defendants and Defendant's attorneys and agents who processed ratified, and serviced this non-judicial foreclosure transaction, yet utterly failed to provide proper statutory Notice of Default, and proper Notice of Non-judicial foreclosure sales in the state of Georgia. (see OCGA § 23-2-114);

Plaintiff prays for judgment against Defendants as follows;

a. Award the value of the security interest in Plaintiffs' property created under the transaction.
b. Return of any and all monies or property given by Plaintiff to anyone, including the Defendants, in connection with this transaction, with interest at the statutory rate.
c. Statutory damages;
d. Award Plaintiff actual damages, and restitution;
e. Award Plaintiff reasonable attorney fees and costs of suit;
f. That Defendants be ordered to pay punitive damages under O.C.G.A. § 51-12-5.1 to punish and deter their predatory practices in the future.
g. Actual damages for loss of personal property, relocation expenses, replacement housing, and compensatory damages sustained by Plaintiff in excess of the jurisdictional limits in an exact amount to be proven at trial.
h. Award Plaintiffs such other and further relief as the Court may deem just.

Respectfully submitted, this 6th day of March,2012.

James Mason

Filed In Office Mar-06-2012 10:22:38
ID# 2012-0038615-CV
Page 1
Court Rule: www.cobbsuperiorcourtclerk.com
Jay C. Stephenson
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

JAMES MASON ,

CASE NO.: 12-1-2248-40

Plaintiff,

Vs.

AMERICAN HOME MORTGAGE SERVICING INC ,

Defendant.

**DEFENDNAT'S MOTION TO COMPEL/STAY**

PLAINTIFF, JAMES MASON , moves the court for the entry of an Order directing DEFENDANT AMERICAN HOME MORTGAGE SERVICING INC. to produce to PLAINTIFF the document described in the request to produce which is attached as an exhibit to this action. The basis for the relief requested is set forth below. On [date you sent request to produce to DEFENDANT lawyer], PLAINTIFF sent to DEFENDANT's Counsel by U.S. Mail the request to produce, a copy of which is attached as an exhibit.(A)

Despite the passage of 30 days As this request was sent by U.S.

Mail for the services of DEFENDANT's counsel*) of this request on DEFENDANT's counsel, DEFENDANT'S not produced the requested document to PLAINTIFF or contacted PLAINTIFF to state that the document is available for inspection and copying.

PLAINTIFF hereby requests that this court enter an Order directing DEFENDANT to produce the document requested by PLAINTIFF in the request to produce, and provide to PLAINTIFF such other and further relief to which PLAINTIFF may be justly entitled to under the circumstances.

JAMES MASON

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoin has been furnished by U.S. Mail to: _AMERICAN HOME MORTGAGE SERVICING INC. This ___6___ day of ___MARCH__, 2012

JAMES MASON

SEQ CHAPTER\

Filed in Office-Mar-06-2012 10:22:38
ID# 2012-0038616-CV
Page 1
Jay C. Stephenson
Court Rule: www.cobbsuperiorcourtclerk.com
Jay C. Stephenson
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

JAMES MASON CASE NO.: 12-1-2248-40

Plaintiff,

Vs.

AMERICAN HOME MORTGAGE SERVICING INC ____________________

Defendant.

**REQUEST FOR PRODUCTION OF DOCUMENT**

PLAINTIFF _JAMES MASON ___________requests DEFENDANT _AMERICAN MORTGAGE SERVICING INC produce, within thirty (30) days of the service hereof, at _5106 CRESCENT COVE LANE MABLETON GA 30126 ______________, the original Promissory Note signed by Defendant on7/26/2007.

JAMES MASON

]

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by U.S. Mail to: _AMERICAN MORTGAGE SERVIICING INC.'s, this _6______ day of _MARCH____,2012

James Mason

JAMES MASON

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

ID# 2012-0038617-CV
Page 1

Court Rule: www.cobbsuperiorcourtclerk.com
Jay C. Stephenson
Clerk of Superior Court Cobb County

**DISCLOSURE STATEMENT**
**CLERK OF SUPERIOR COURT**

CASE NUMBER 12-1-2248-40
Assigned by Clerk

James Mason
PLAINTIFF

VS.

American Home Mortgage Serv
DEFENDANT

## TYPE OF ACTION

1. _____ Divorce without Agreement Attached
2. _____ Divorce with Agreement Attached
3. _____ Domestic Relations
4. _____ Damages arising out of Contract
5. _____ Damages arising out of Tort
6. _____ Condemnation
7. _____ Equity
8. _____ Zoning – County Ordinance violations (i.e. Injunctive relief- zoning)
9. _____ Zoning Appeals (denovo)
10. _____ Appeal, Including denovo appeal-excluding Zoning
11. _____ URESA
12. _____ Name Change
13. __✓__ Other
14. _____ Recusal

_____ Adoption

## PREVIOUS RELATED CASES

Does this case involve substantially the same parties, or substantially the same subject matter, or substantially the same factual issues, as any other case filed in this court? (Whether pending simultaneously or not.)

__✓__ NO

____ YES – If yes please fill out the following:

1. Case # ________________
2. Parties ________________ vs. ________________
3. Assigned Judge ________________
4. Is this case still pending? _____ Yes _____ No
5. Brief description of similarities:

______________________________________________

______________________________________________

[signature] as Partner
Attorney or Party Filing Suit
Not Attorney for James Mason

Form #0122
Revised 12/01/09

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ **Superior**
☐ **State**

**County** Cobb

**Docket #** 12 1 2248.40

**Date Filed** ____________
MM-DD-YYYY

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|---|---|---|---|---|---|
| Mason | James | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix | Maiden |
|---|---|---|---|---|---|
| American Home Mortgage Serv Inc | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**No. of Plaintiffs** 1

**No. of Defendants** 1

**Plaintiff/Petitioner's Attorney** ☐ **Pro Se**

| Last | First | Middle I. | Suffix |
|---|---|---|---|
| | | | |

**Bar #** ____________

**Check Primary Type (Check only ONE)**

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgment Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)
☐ Other General Civil Specify ____________
Wrong Foreclosure

**If Tort is Case Type:**
**(Check no more than TWO)**

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other Specify ____________

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

Filed In Office Mar-06-2012 10:26:34
ID# 2012-0038624-CV
Page 1
Jay C. Stephenson
Clerk of Superior Court Cobb County
www.cobbsuperiorcourtclerk.com

Filed in Office Mar-06-2012 16:27:49
ID# 2012-0038625-CV
Page 1

Court Rule: www.cobbsuperiorcourtclerk.com
Jay C. Stephenson
Clerk of Superior Court Cobb County

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

JAMES MASON
PLAINTIFF
Vs.

CIVIL ACTION
FILE NO: 12-1-2248-40

AMERICAN HOME MORTGAGE SERVICING ,INC

DEFENDANTS.

______________________________/

SUMMONS

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of the Said Court and serve upon the Plaintiff's attorney, whose name and address is:

JAMES MASON

5106 CRESCENT COVE LANE

MABLETON GA 30126

404 543 9891

ANSWER to the complaint which is herewith served upon you, within 30 days after service of this Summons upon you, exclusive of the MARCH 6, 2012.

CLERK OF THE COBB COUNTY SUPERIOR COURT

BY : ______________________
DEPUTY CLERK